**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| HOWARD CAMPBELL,<br><br>                              Plaintiff,<br><br>     -against-<br><br>UNITED STATES OF AMERICA,<br><br>                              Defendant. | Civil Action No. 23-CV-3832<br><br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Howard Campbell ("Plaintiff" or "Campbell"), by his undersigned attorneys, for causes of action against Defendant United States of America ("United States"), alleges as follows:

## NATURE OF ACTION

1.     This case arises from Defendant's agents' unprovoked assaults on Plaintiff and disregard for his health afterward.

2.     On April 29, 2020, Campbell, while detained at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, without provocation, was assaulted and injured by staff members and officers of the MDC. As a result, Mr. Campbell suffered serious bodily injuries.

3.     Thereafter, Mr. Campbell was denied medical care for the injuries he suffered.

## JURISDICTION AND VENUE

4.     This Complaint is for damages based on tort violations committed by employees of the United States acting under color of law and within the scope of their employment and in violation of the Federal Tort Claims Act.

5.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1346(b), because Plaintiff's claims arise under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.

6.      Plaintiff exhausted the administrative remedies prescribed by 28 U.S.C. § 2675 by timely presenting the Federal Tort Claims Act ("FTCA") claims to the Bureau of Prisons, the appropriate agency of the United States, on March 25, 2022. On March 28, 2022, the Bureau of Prisons, Northeast Regional Office, acknowledged that it received Plaintiff's administrative tort claim on March 25, 2022. On April 11, 2022, the Bureau of Prisons, Northeast Regional Office, again acknowledged receiving Plaintiff's administrative tort claim on March 25, 2022. Plaintiff has not received any communication from the Bureau of Prisons indicating they have denied or adjudicated the claim. Six months have elapsed since the date the Bureau of Prisons had to respond to the administrative complaint.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of New York, or in the alternative, pursuant to 28 U.S.C. § 1391(b)(3).

## THE PARTIES

8.      At the time of the incident, Campbell was a fifty-three-year-old man in pre-trial detention at the MDC. Campbell is currently a resident of Brooklyn.

9.      Defendant United States is a sovereign nation that has waived its sovereign immunity for the claims that Plaintiff asserts against it. At all relevant times, Defendant United States was the government entity that controlled, directed, and otherwise oversaw the Federal Bureau of Prisons ("BOP") and the MDC in Brooklyn and employed the law enforcement officers, administrators, medical staff, and staff members whose true names are unknown but are

referred to in this Complaint as BOP Officer John Doe ("BOP Officer Doe"), BOP Officer 1, BOP Officers, BOP administrators including the MDC Warden and Deputy Warden ("BOP Administrators"), BOP Medical Staff, and MDC Staff Members each of whom was acting under color of law and within the course and scope of their employment with respect to the conduct about which Plaintiff complains.

10.     BOP Officer Doe, who, upon information and belief, has the last name Price and is a Caucasian male, is and was at all relevant times employed by Defendant United States as a United States Federal Bureau of Prisons corrections officer at the MDC in Brooklyn, New York. At all times described in this Complaint, BOP Officer Doe was acting as a sworn law enforcement or peace officer, agent, servant, or employee of the United States, and under color of legal authority.

## THE FACTS

11.     At the time of the incident, Mr. Campbell was a fifty-three-year-old resident of Brooklyn, NY. Mr. Campbell was in custody at the MDC awaiting sentencing.

### *The Attacks*

12.     On April 29, 2020, Mr. Campbell was leaving the computer area used by inmates in his housing unit. Mr. Campbell was lawfully and properly in the computer area and was permitted to use the computers.

13.     As Mr. Campbell was leaving the computer area to return to his cell, BOP Officer Doe stopped Mr. Campbell and directed him to another room nearby on the same floor. Mr. Campbell complied with BOP Officer Doe's directions.

14.     Once in the room, Mr. Campbell and BOP Officer Doe were joined by BOP Officer 1, who, upon information and belief, was a Black male. BOP Officer Doe, BOP Officer

1, and Mr. Campbell were the only people in the room, and the officers closed the door to the room.

15.    In the room, BOP Officer Doe directed Mr. Campbell to turn toward an adjacent wall and to place his hands on the wall. Mr. Campbell immediately complied.

16.    BOP Officer Doe proceeded to pat down and search Mr. Campbell. Mr. Campbell remained facing the wall during the bodily search.

17.    After completing the search, while Mr. Campbell's hands were up against the wall, BOP Officer Doe removed one of Mr. Campbell's hands from the wall and proceeded to place handcuffs on his wrist. Mr. Campbell did not resist the act of handcuffing.

18.    Then, without provocation, BOP Officer Doe tripped Mr. Campbell and slammed him head-first to the floor.

19.    Mr. Campbell's head hit the floor hard. He instantly felt extreme pain in his head and face and could tell he was bleeding from his face.

20.    A third BOP Officer entered, and he and BOP Officer Doe proceeded to leap on Mr. Campbell's back while he was face down on the floor, causing further bodily injuries to his head, arm, and legs.

21.    Within seconds, approximately five BOP Officers and MDC Staff Members entered and then jumped on Mr. Campbell, causing further bodily injuries to his head, eyes, arm, and legs.

22.    The BOP Officers handcuffed Mr. Campbell, and the officers, including BOP Officer Doe and BOP Officer 1, lifted Mr. Campbell to his feet. Flanked by officers, Mr. Campbell was led out of the room, bleeding from his face, and taken via elevator to the Special Housing Unit ("SHU").

4

23.     Mr. Campbell was then taken to a room in the SHU area, where additional BOP Officers jumped on him and assaulted him. As a result, Mr. Campbell sustained further bodily injuries.

24.     After the attacks, Mr. Campbell was held in solitary confinement in the SHU for three months while the BOP purportedly investigated him for causing the incidents, even though Mr. Campbell was the victim of the attacks.

25.     Upon information and belief, the BOP did not issue any misbehavior report for Mr. Campbell.

26.     As a result of the attacks by BOP Officer Doe, BOP Officer 1, and the other BOP Officers, Mr. Campbell suffered lacerations, swelling, and contusions to the face, head, and left hand. He suffered swelling and bleeding in one eye and experienced worsening vision in his other eye. In addition, he suffered swelling in his right hand and right elbow. Mr. Campbell had injuries to his right knee with pain at a level of "10" on a scale of 1-10.

### ***Denial Of Medical Care***

27.     While in solitary confinement in the SHU, Mr. Campbell requested medical care, including x-rays, for the injuries he suffered from the attacks. Mr. Campbell made multiple requests for medical care over three months.

28.     BOP Officers, BOP Administrators, and BOP Medical Staff denied Mr. Campbell a visit with a doctor and medical care. Nor did they permit him to obtain x-rays for the injuries caused by the assaults of BOP Officer Doe, BOP Officer 1, and the other BOP Officers. The deprivation of care for Mr. Campbell was not a discretionary decision.

29.     The deprivation of medical care exacerbated Mr. Campbell's injuries, and he suffered pain that he would not have suffered had all necessary care been provided.

30. Mr. Campbell endured the pain from these injuries during his three-month solitary confinement in the SHU through his release from the MDC in July 2020.

31. Mr. Campbell continues to suffer pain, worsening vision, and limited mobility from the injuries caused by the attacks of BOP Officer Doe, BOP Officer 1, and the other BOP Officers.

32. As a direct and proximate result of the aforesaid acts, omissions, and decisions of BOP Officer Doe, BOP Officer 1, other BOP Officers, BOP Administrators, and BOP Medical Staff, Mr. Campbell suffered and will continue to suffer physical pain and suffering, which has caused Mr. Campbell to sustain damages to be determined at trial.

**FIRST CLAIM FOR RELIEF**
**NEGLIGENCE (VIOLATIONS OF FTCA 28 U.S.C. § 2671 et seq.)**
**(Against Defendant United States of America)**

33. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

34. Defendant United States, by and through BOP Officer Doe, BOP Officer 1, and other involved BOP Officers, had a duty to use reasonable care in interacting with an inmate, had a duty to use reasonable care in performing a search, had a duty to use reasonable care in applying restraints, and had a duty to refrain from using any force that was not objectively reasonable under the totality of the circumstances. Defendant United States, by and through its employees, had a duty to avoid needlessly and negligently harming Plaintiff Campbell during his detention.

35. Defendant United States, by and through BOP Officer Doe, BOP Officer 1, and other involved BOP Officers, breached all these duties by the conduct alleged above in paragraphs 1 through 32 of this Complaint.

6

36.    At all times relevant to this action, BOP Officer Doe, BOP Officer 1, and other involved BOP Officers were federal employees acting in their official capacity within the scope of their employment as law enforcement officers for BOP, an agency of Defendant United States.

37.    The actions of Defendant United States, by and through BOP Officer Doe, BOP Officer 1, and other involved BOP Officers, were a substantial factor in causing harm to Plaintiff, and he suffered damages in an amount to be proven at trial.

38.    The acts and omissions of BOP Officer Doe, BOP Officer 1, and other involved BOP Officers were contrary to the use of force policies of the BOP and the U.S. Department of Justice.

39.    The acts and omissions of BOP Officer Doe, BOP Officer 1, and the other involved BOP Officers, did not involve reasoned policy decisions.

40.    By the acts alleged above, Defendant United States, by and through BOP Officer Doe, BOP Officer 1, and other involved BOP Officers, was negligent and breached its duty of due care owed to Plaintiff, thereby causing Plaintiff to suffer physical harm as set forth above, for which Plaintiff is entitled to monetary relief pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.

**SECOND CLAIM FOR RELIEF**
**BATTERY (VIOLATIONS OF FTCA 28 U.S.C. § 2671 et seq.)**
**(Against Defendant United States of America)**

41.    Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

42.    By the conduct alleged above in paragraphs 1 through 32 of this Complaint, Defendant United States, by and through BOP Officer Doe, BOP Officer 1, and other involved

BOP Officers, intentionally caused harmful contact with Plaintiff, for which he suffered damages in an amount to be proven at trial.

43.    At all times relevant to this action, BOP Officer Doe, BOP Officer 1, and other involved BOP Officers, were federal employees acting in their official capacity within the scope of their employment as law enforcement officers for BOP, an agency of Defendant United States.

44.    The acts and omissions of BOP Officer Doe, BOP Officer 1, and other involved BOP Officers were contrary to the use of force policies of the BOP and the U.S. Department of Justice.

45.    The acts and omissions of BOP Officer Doe, BOP Officer 1, and other involved BOP Officers did not involve reasoned policy decisions.

46.    By the acts of unreasonable force used upon Plaintiff without his consent alleged above, Defendant United States, by and through BOP Officer Doe, BOP Officer 1, and other involved BOP Officers, committed batteries upon Plaintiff, thereby causing Plaintiff to suffer physical harm and injuries as set for above, for which Plaintiff is entitled to monetary relief pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.

### THIRD CLAIM FOR RELIEF
### NEGLIGENCE (VIOLATIONS OF FTCA 28 U.S.C. § 2671 et seq.)
#### (Against Defendant United States of America)

47.    Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

48.    Defendant United States, by and through BOP Officers, BOP Administrators, and BOP Medical Staff, had a duty to use reasonable care in interacting with an inmate at the MDC, had a duty to use reasonable care to provide medical care to an inmate of the MDC, and had a duty to refrain from withholding necessary medical care when such deprivation was not

objectively reasonable under the totality of the circumstances. Defendant United States, by and through its employees, had a duty to avoid needlessly and negligently harming Plaintiff Campbell during his detention.

49.    Defendant United States, by and through BOP Officers, BOP Administrators, and BOP Medical Staff, breached all these duties by the conduct alleged above in paragraphs 1 through 32 of this Complaint.

50.    At all times relevant to this action, BOP Officers, BOP Administrators, and BOP Medical Staff were federal employees acting in their official capacity within the scope of their employment as law enforcement officers, administrators, and medical staff for BOP, an agency of Defendant United States.

51.    The actions of Defendant United States, by and through BOP Officers, BOP Administrators, and BOP Medical Staff, were a substantial factor in causing harm to Plaintiff, and he suffered damages in an amount to be proven at trial.

52.    The acts and omissions of the BOP Officers, BOP Administrators, and BOP Medical Staff were contrary to the policies and procedures of the BOP.

53.    The acts and omissions of the BOP Officers, BOP Administrators, and BOP Medical Staff did not involve reasoned policy decisions.

54.    By the acts alleged above, Defendant United States, by and through BOP Officers, BOP Administrators, and BOP Medical Staff, was negligent and breached its duty of due care owed to Plaintiff, thereby causing Plaintiff to suffer physical harm as set forth above, for which Plaintiff is entitled to monetary relief pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.

9

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.      An award of general damages, special damages, and compensatory damages in an amount to be determined at trial, plus interests and costs;

2.      An award of punitive damages in an amount to be determined at trial;

3.      The costs and disbursements of this action, including legal fees to the extent recoverable under Federal law or New York State law; and

4.      For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 23, 2023

SHER TREMONTE LLP

By:   /s/ Robert C. Penn Jr.
        Noam Biale
        Robert C. Penn Jr.
90 Broad Street, 23rd Floor
New York, New York 10004
Tel: 212.202.2600
Email: nbiale@shertremonte.com
        rpenn@shertremonte.com

*Attorneys for Plaintiff Howard Campbell*